[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present proceeding arose out of the filing of a motion to strike the entire complaint wherein it is claimed that the complaint fails to state a recognizable claim under Connecticut law.
A review of the complaint reveals the following factual assertions: Agency Rent A Car, Inc. d/b/a Alto Auto Rental (Defendant) is a foreign corporation doing business in Connecticut. On January 1, 1989, one Peter Fusco, Jr. (Fusco) was operating a vehicle owned by the Defendant on Route 8, a public highway in the City of Waterbury, Connecticut, when Fusco lost control of the vehicle resulting in causing Robert Castro (Plaintiff) serious personal injuries and losses. The claims of CT Page 3218 negligence asserted by the Plaintiff is that: 1. The Defendant allowed the keys to become entrusted to a minor, 2) the minor, Fusco, drove negligently and carelessly, 3) the Defendant allowed its car to remain in a parking lot over a holiday weekend.
Thereafter the Defendant filed the instant motion to strike claiming: 1) Entrusting the keys of an automobile to a minor does not constitute negligent conduct, 2) an owner of an automobile is not liable for the negligence of an operator of said automobile absent peculiar factual circumstances not herein claimed, 3) allowing a car to remain in a public parking lot over a holiday weekend does not constitute negligent conduct.
The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted". Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Connecticut Practice Book Section 152. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." The court must construe the facts in the complaint most favorable to the plaintiff Gordon v. Bridgeport Housing Authority, supra 170. Connecticut General Statutes Section 52-183 reads as follows:
 Presumption of agency in motor vehicle operation. In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle operating it in the course of his employment. The defendant shall have the burden of proving the presumption.
The Plaintiff has alleged in the complaint that Fusco was operating the Defendant's car in a negligent and careless manner. Obviously there is a presumption that Fusco was the agent or servant of the Defendant during the operating of said car. If there are other factual matters surrounding the instant litigation, it is not proper to decide them by way of a motion to strike.
The court must assume for the purposes of a motion to strike that Fusco was the agent or servant of the Defendant, and that Fusco operated the Defendant's car carelessly and negligently.
Accordingly, the motion to strike is denied. CT Page 3219
BYRNE, J.